IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:05CV261-02-MU

| | |
|---|---|
| PERRY L. CRAWFORD, )<br>    Plaintiff, )<br>)<br>    v. )<br>)<br>ANTHONY SEARLES, Physi- )<br>  cian with the North )<br>  Carolina Department of )<br>  Corrections; )<br>BOYD BENNETT, Director of)<br>  North Carolina Prisons,)<br>    Defendants. )<br>_____) | O R D E R |

**THIS MATTER** comes before the Court on the plaintiff's civil rights Complaint under 42 U.S.C. §1983, filed October 7, 2005. For the reasons stated herein, the instant action will be dismissed without prejudice[1] pending the resolution of the plaintiff's claims at the North Carolina Industrial Commission.

By the instant Complaint, the plaintiff essentially is setting forth a claim of deliberate indifference to his serious medical needs against defendant Searles, the plaintiff's attending physician on several occasions. More particularly, the plaintiff complains that defendant Searles has failed to continue him on a previously prescribed medication, or to otherwise take

---

[1] Although the petitioner did not set forth any allegations against Defendant Bennett, and did not otherwise articulate a basis for imposing supervisory liability in this case, out of an abundance of caution the Court will dismiss this action without prejudice as against both defendants.

appropriate action to relieve the pain and other symptoms which he experiences as a result of his "heretic hypotension" condition. By way of relief, the plaintiff is seeking both alternative treatment and damages for his alleged pain and suffering, along with other relief.

Critically, however, the plaintiff's Complaint also plainly reports that he currently is pursuing claims against these two defendants based upon these same facts in the North Carolina Industrial Commission. In light of such information, the undersigned believes that this Court should abstain from addressing the plaintiff's claims because this action is parallel to the subject State court proceeding.

Indeed, in Colorado River Water Conserv. District v. United States, 424 U.S. 800, 817-18 (1976), the Court stated that abstention is permitted "for reasons of wise judicial administration." To put it simply, "[t]he Colorado River doctrine [of abstention] seeks to conserve judicial resources and otherwise avoid duplicative litigation when litigants seek to adjudicate the same dispute in both state and federal forums." RF&P v. Forst, 4 F.3d 244, 253 (4th Cir. 1993).

Inasmuch as this Court finds that it should avoid the piecemeal litigation of the plaintiff's allegations; that the State forum already is exercising jurisdiction over this action; and that this forum likely is not the most convenient venue to

2

litigate these matters, the instant Complaint will be <u>dismissed without prejudice</u>.

**NOW, THEREFORE, IT IS ORDERED THAT** the plaintiff's Complaint is **DISMISSED without prejudice**. At the conclusion of his proceedings before the N.C. Industrial Commission, the plaintiff may, if he believes it is necessary to do so, re-file this action in this federal court.[2]

**SO ORDERED.**

---

[2] A review of the plaintiff's Complaint reflects that his initial encounters with Dr. Searles allegedly began in about December 2001 and thereafter continued for a considerable period of time. However inasmuch as the plaintiff has failed to identify the entire time frame during which he believes he was denied adequate medical treatment, the Court could not determine the date from which the relevant statute of limitations period would have begun to run. Thus, the plaintiff should be mindful of the three-year statute of limitations which will be applied to this action when he his determining whether and when to re-file this matter in federal court.

**Signed: October 25, 2005**

*Graham C. Mullen*
Chief United States District Judge